**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clutch Solutions LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Acronis Incorporated,<br><br>　　　　　Defendant. | No. CV-25-02226-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff Clutch Solutions, LLC's ("Clutch") Notice of No Request from Defendant for a Probable Validity Hearing (Doc. 19), to which Defendant Acronis, Inc. ("Acronis") filed a Response (Doc. 26); and Clutch's Second Notice of No Request from Defendant for a Probable Validity Hearing (Doc. 37), to which Acronis filed a Response (Doc. 38) and Clutch filed a Reply (Doc. 41).

Clutch's Notices are predicated on Arizona state statutes regarding the pre-judgment seizure of property. As a first principle, "under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 330 F. Supp. 3d 1153, 1159 (D. Ariz. 2016) (internal quotation omitted) (applying the Federal Declaratory Judgment Act in lieu of the Arizona Uniform Declaratory Judgments Act in a diversity action because they are procedural statutes). While Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," nothing in that Rule

states that this Court should apply state procedural law in contravention of the *Erie* doctrine in providing the state law remedy for the pre-judgment seizure of property.

Federal Rule of Civil Procedure 81(c)(1) provides that the Federal Rules of Civil Procedure apply in this Court to a matter after its removal from state court, and Rule 83(a) provides that litigants must follow the properly promulgated Local Rules of the district court. Pertinent to Clutch's presently pending Application for Pre-Judgment Provisional Remedies (After Notice) and Motion for Pre-Judgment Discovery in Aid of Enforcement (Doc. 1-1 at 91–115, Remedies Application and Pre-Judgment Discovery Motion), Local Rule 3.6(d) requires that a motion that is "pending and undecided in the state court at the time of removal" need not be considered by this Court "unless and until a party files and serves a notice of pending motion." The notice must include, among other things, a statement as to whether briefing on the motion is complete. LRCiv 3.6(d)(3).

As procedural background, on June 17, 2025, Clutch filed its Remedies Application and Pre-Judgment Discovery Motion in Maricopa County Superior Court. Nine days later, on June 26, 2025, Acronis properly removed this action, at which time the Rules of this Court began to govern this action. (Doc. 1.) The next day, Acronis filed a Motion to Transfer Venue to the United States District Court for the District of Massachusetts. (Doc. 10.) A week later, on July 3, 2025, Clutch filed its Notice of Pending [Remedies] Application and [Pre-Judgment Discovery] Motion pursuant to Local Rule 3.6(d), stating it filed the Notice "out of an abundance of caution." (Doc. 20, Rule 3.6(d) Notice.) But as a result, the Remedies Application was only properly before this Court as of July 3, 2025. The same day, Clutch filed its first Notice of No Request from Defendant for a Probable Validity Hearing, arguing that Acronis had not met the requirements of Arizona's procedural statutes to request a hearing on Clutch's Remedies Application, including in particular the requirement under A.R.S. § 12-2407 that a request for a probable validity hearing must be filed within ten days of the filing of the Remedies Application. (Doc. 19, First No Request Notice.) Acronis filed a Response to Clutch's No Request Notice on July 8, 2025, arguing that it had not missed any applicable deadline and requesting the

opportunity to file a responsive brief to the Remedies Application and a hearing. (Doc. 26, Resp. to First No Request Notice.)

On July 7, 2025, while its Motion to Transfer Venue was before the Court, Acronis filed a Motion to Stay Case Deadlines pending ruling on the Motion to Transfer Venue. (Doc. 23.) Three days later, the Court granted the Motion to Stay (Doc. 28), and the stay on this matter was in place until September 15, 2025, when the Court denied the Motion to Transfer Venue and lifted the stay of deadlines (Doc. 36).

Clutch filed a Second No Request Notice on September 26, 2025 (Doc. 37, Second No Request Notice), renewing its request from its former Notice. Acronis again filed a Response on September 29, 2025 (Doc. 38, Resp. to Second No Request Notice), and Clutch file a Reply on October 6, 2025 (Doc. 41, Reply to Second No Request Notice).

To begin with, Clutch does not provide any legal support for the proposition that the Arizona *procedural* statutes regarding the pre-judgment seizure of property apply in federal court, and indeed the Court finds that under *Erie*, they do not. Even if they did, Acronis at no point missed Arizona's ten-day deadline for requesting a hearing on Clutch's Remedies Application. Acronis removed this action from state court on the ninth day after Clutch filed the Remedies Application. Aside from the fact that the Federal Rules of Civil Procedure and Local Rules of this Court governed this case upon removal on June 17, Clutch filed no Notice of the pending Remedies Application, as required by Local Rule 3.6(d), until July 3 (Doc. 19). Acronis requested a hearing five days later in its Response to the Notice (Doc. 26), which would have been within the ten-day window, had it been applicable in federal court.

To the extent Clutch now argues that its Remedies Application remained pending from state court to this Court and that Clutch did not need to comply with Local Rule 3.6(d) because it had filed an "Application" in state court and the rule refers to "motions," there is no functional difference between an application and motion in this instance—both request relief from the Court—and such an interpretation would defeat the very purpose of Local Rule 3.6(d), which is to inform the Court of pending requests for relief in state court

- 3 -

and their briefing status. In short, Clutch's argument needlessly puts form over substance. *See W. Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 261 (9th Cir. 1992) (holding the district court erred in not construing a filed petition as a motion, emphasizing "nomenclature is not controlling" (internal quotation and citation omitted)); *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1092 (D. Ariz. 2005) (finding a "motion" equivalent to an "application" in the context of seeking confirmation of an arbitration award).

It would have been inappropriate for this Court to rule on Clutch's Remedies Application before ruling on Acronis's Motion to Transfer Venue, because Rule 64—under which this Court can consider a state law seizure remedy at all—provides that the Court apply "the law of the state where the court is located." Had the Court transferred this case to Massachusetts, that district court would likely not have considered Clutch's request under Arizona's state law seizure remedy scheme.

In sum, Acronis did not waive its right to file a response brief to Clutch's Remedies Application and Pre-Judgment Discovery Motion or to request a hearing thereon. Accordingly, the Court will set a briefing and hearing schedule.

**IT IS THEREFORE ORDERED** that Defendant Acronis, Inc. shall file any response to Plaintiff Clutch Solutions, LLC's Application for Pre-Judgment Provisional Remedies (After Notice) and Motion for Pre-Judgment Discovery in Aid of Enforcement (Doc. 1-1 at 91–115) by **October 24, 2025**. Plaintiff may file a reply by **October 31, 2025.**

**IT IS FURTHER ORDERED** setting a one-hour hearing on Plaintiff's Application for Pre-Judgment Provisional Remedies (After Notice) and Motion for Pre-Judgment Discovery in Aid of Enforcement on **November 3, 2025 at 3:30 PM (Arizona time)** before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

Dated this 9th day of October, 2025.

Honorable John J. Tuchi
United States District Judge